IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CIVIL NO. 10-00414 JMS/KSC |
| | ) | |
| THOMAS GARTH NAUMAN AND | ) | ORDER AFFIRMING |
| KIMLEY MERETE NAUMAN, | ) | BANKRUPTCY COURT'S JULY 1, |
| | ) | 2010 ORDER GRANTING |
| Debtors. | ) | TRUSTEE'S MOTION FOR |
| _____ | ) | PARTIAL SUMMARY JUDGMENT |
| | ) | AGAINST DEFENDANTS |
| THOMAS GARTH NAUMAN, et al., | ) | THOMAS GARTH NAUMAN; |
| | ) | KIMLEY MERETE NAUMAN; |
| Appellants, | ) | JACOB NAUMAN; ALFRED |
| | ) | GARTH NAUMAN; EVELYN |
| v. | ) | FRANCES NAUMAN |
| | ) | |
| RONALD K. KOTOSHIRODO, | ) | |
| Chapter 7 Bankruptcy Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

**ORDER AFFIRMING BANKRUPTCY COURT'S JULY 1, 2010 ORDER
GRANTING TRUSTEE'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AGAINST DEFENDANTS THOMAS GARTH NAUMAN;
KIMLEY MERETE NAUMAN; JACOB NAUMAN; ALFRED GARTH
NAUMAN; EVELYN FRANCES NAUMAN**

**I. INTRODUCTION**

In this appeal from a bankruptcy action, Appellants Thomas Garth

Nauman, Kimley Merete Nauman, Alfred Garth Nauman, and Evelyn Frances

Nauman ("Appellants") argue that the bankruptcy court erroneously granted

summary judgment in favor of Trustee Ronald K. Kotoshirodo ("Trustee" or

"Kotoshirodo"), finding that Appellants are jointly and severally liable for various amounts that Thomas and Kimley ("Debtors") transferred to their son Jacob, and Thomas' parents Alfred and Evelyn, prior to and after filing for bankruptcy. Based on the following, the court AFFIRMS the bankruptcy court's decision.

## II. BACKGROUND

**A.     Factual Background**

On August 23, 2007, Debtors filed a voluntary petition for Chapter 13 bankruptcy.[1]  Trustee Appendix ("TA") 28-166.  Debtors had filed for bankruptcy after Teri Mount (Thomas' sister) and her husband Joseph, obtained a default judgment against Debtors in Washington state court in excess of $900,000 on October 27, 2006.  TA 35-210.  In their petition for bankruptcy, Debtors listed the Mounts as judgment creditors in the amount of $1,018,731.03.  TA 28-176.

Prior to and after filing for bankruptcy, Debtors transferred property and monies to Thomas' parents Evelyn and Alfred, and their son Jacob.  The following transfers are at issue in this appeal:[2]

---

[1] On October 10, 2007, the bankruptcy action was voluntarily converted to Chapter 7, and Kotoshirodo was assigned as Trustee.  TA 29-183.

[2]  The court outlines only those facts regarding transfers that are properly before the court on appeal.  Because Jacob is not an appellant and therefore did not appeal the bankruptcy court's determination that he is liable for $2,925.00, the court does not recite the facts relevant to this amount.

### 1. *The Washington Property*

On October 25, 2006 -- two days before default judgment was entered in the Mounts' favor -- Debtors transferred their interest in real property located at 34 West Lost Lake View Drive, Shelton Washington 98584-9119 (the "Washington Property") via quit claim deed for no consideration to Alfred and Evelyn.[3] TA 14-96. On November 13, 2006, Alfred and Evelyn sold the Washington Property for a contract price of $420,000, of which $210,260.39 went to satisfying a mortgage debt Debtors held on the Washington Property. TA 15-100, 16-103, 17-107. As a result of the sale, Evelyn and Alfred received $197,415.97 in proceeds, TA 17-107, which they loaned to Debtors. TA 21-131, 30-185. Indeed, after Debtors filed for bankruptcy, Alfred submitted a Proof of Claim for $321,782.80 for money loaned to, and bills paid for, Debtors from August 2002 through May 2007.[4] TA 30-185.

Thomas testified that he transferred the Washington Property to his parents to prevent the Mounts from getting it:

---

[3] Alfred and Evelyn previously owned the Washington property, having transferred it to Thomas in 1997 via quitclaim deed. TA 13-94. According to Thomas, Alfred and Evelyn had transferred the Washington Property to Debtors so they would have collateral to purchase property in Hawaii, but that Alfred and Evelyn were the "real owners" of the Washington Property. TA 21-131.

[4] During the January 18, 2011 hearing, Alfred and Thomas Nauman affirmed that the $321,782.80 Proof of Claim included a loan of the $197,415.97 Washington Property loan proceeds from Alfred to Debtors.

3

> Question: In the spring of 2006, did you sell a residence in Washington?
> Answer: Remember, we did the quitclaim to Dad because Joe [Mount] was trying to get that house from us.
> . . .
> Question: In other words, you conveyed by quitclaim deed your interest to your father?
> Answer: Yes, so Joe [Mount] couldn't get it from us.
> Question: [What] was this $200,000 showing? You actually sold it? You sold your interest to your father?
> Answer: No. He sold the house.
> Question: So you transferred your interest to your father, and your father sold the house?
> Answer: Yes.

TA 204-05; *see also* TA 21-131 (stating that the Washington Property was transferred to Alfred and Evelyn due to the Mounts' lawsuit, and sold so that Debtors could borrow money from Alfred and Evelyn); TA 20-121 (statement from Alfred that the Washington Property was transferred to Alfred and Evelyn when the Mounts' lawsuit began).

2. *The $50,000 Check*

On August 24, 2006, Thomas wrote a check for $50,000 to Alfred, which cleared on August 28, 2006. TA 18-110.

3. *The Honda Accord*

On their Schedule B to their bankruptcy petition, Debtors listed as personal property a Honda Accord worth $14,000, a Jeep Cherokee worth $3,200,

and a Nissan truck worth $3,000. TA 28-174. Although Debtors listed the other vehicles as "property claimed as exempt," they did not list the Honda Accord as exempt. TA 28-175.

On March 14, 2008, Debtors sold the Honda Accord to Alfred and Evelyn for $10,000 cash plus payment of $4,000 worth of plane tickets to the mainland and some shipping costs. TA 19-113.

**B.     Procedural Background**

On August 22, 2009, Trustee filed a Complaint against Appellants, Jacob, and the Mounts alleging that Debtors made fraudulent pre- and post-bankruptcy petition transfers to Alfred, Evelyn, and Jacob. TA 1-11-22. The Complaint alleges claims entitled: (1) 11 U.S.C. § 547(b) Avoidance of Preference Transfer to Insider, re: [the Washington Property] and the $50,000 Check (Count I); (2) 11 U.S.C. § 547(b) Avoidance of Preference Transfer to Insider, re: recording of Mount's Judgment Lien (Count II); (3) 11 U.S.C. § 548(a)(1)(A) Fraudulent Transfer - Actual Intent (Count III); (4) 11 U.S.C. § 548(a)(1)(B) Fraudulent Transfer - Implied Intent (Count IV); (5) Rev. Stat. Wash. § 19.40.041 Transfers Fraudulent as to Present & Future Creditors (Count V); (6) Rev. Stat. Wash. § 19.40.051 Transfers Fraudulent as to Present & Future Creditors (Count VI); (7) 11 U.S.C. § 549(a) Avoidance of Post-Petition Transaction (Count VII);

5

(8) 11 U.S.C. § 521(a)(4) Surrender Property of the Estate (Count VIII); (9) 11 U.S.C. § 550(a) Liability of Transferee of avoided transfer (Count IX); (10) 11 U.S.C. § 502(d) Disallowance of Claim (Count X); and (11) 11 U.S.C. § 544 Application of Trustee's Strong Arm Powers (Count XI).

On October 1, 2009, default was entered against Thomas, Kimley, and Jacob after they failed to file an answer. TA 5-42.

A default judgment was never sought by the Trustee. Instead, on May 22, 2010, Trustee filed a Motion for Partial Summary Judgment against Appellants and Jacob. TA 11-64. On June 10, 2010, Kimley and Thomas filed an "Objection to Motion for Partial Summary Judgment," TA 23-246,[5] and on June 15, 2010 Alfred and Evelyn filed a "Response to Motion for Partial Summary Judgment." TA 22-135. On June 23, 2010, Debtors and Jacob filed a "Motion for Full Summary Judgment," and a "Motion for Change of Venue." TA 24-149.

On July 1, 2010, the bankruptcy court entered its "Order Granting Trustee's Motion for Partial Summary Judgment Against Defendants Thomas

---

[5] Although default was entered against Thomas, Kimley, and Jacob, "any document that in effect seeks a resolution of the case on the merits may be construed as a motion to set aside the default." 6 James W. Moore, *Moore's Federal Practice* ¶ 55.10[1] (2d ed. 1985); *see Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1988) (treating opposition to motion for default judgment as motion to set aside the entry of default). Given Trustee's Motion for Partial Summary Judgment and Thomas' and Kimley's response to it, the bankruptcy court was free to construe these filings as seeking to set aside the entry of default to allow a determination on the merits.

6

Garth Nauman; Kimley Merete Nauman; Jacob Nauman; Alfred Garth Nauman; Evelyn Frances Nauman" (the "July 1 Order"). The July 1 Order explained that Debtors and Jacob's Motions for Full Summary Judgment and for Change of Venue were procedurally improper, but would be considered for the limited purpose as opposition memoranda. The court then granted summary judgment against: (1) Thomas, Kimley, Alfred, and Evelyn jointly and severally on Counts 3, 4, and 9 in the sum of $247,415.97 (representing the sale proceeds of the Washington Property after the mortgage was paid off and the $50,000 check); (2) Alfred and Evelyn jointly and severally as to Counts 7 and 9 for $13,683.72 (representing the transfer of the Honda Accord), and (3) Jacob as to Counts 7 and 9 for $2,925.00. The Order further found that as to Count 10, any claims against the bankruptcy estate by or through Thomas, Kimley, Alfred, Evelyn, or Jacob are disallowed until their respective liabilities are paid.

Appellants filed their notice of appeal on July 14, 2010, filed their Opening Brief on November 22, 2010, and made additional filings on November 22, 2010, and December 2, 2010. Trustee filed an Answering Brief on December 18, 2010, and Appellants filed their Reply on January 10, 2011. A hearing was held on January 18, 2011.

## III. STANDARD OF REVIEW

The court must review de novo the bankruptcy court's decision on summary judgment. *In re AFI Holding, Inc.*, 525 F.3d 700, 702 (9th Cir. 2008). "Summary judgment is to be granted if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, show that there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(c)).

## IV. DISCUSSION

Although Appellants' specific arguments are difficult to discern, it appears that Appellants argue that the bankruptcy court erred by (1) allowing Trustee's claims against Jacob to proceed where Jacob is not in the country and was not properly served; and (2) granting summary judgment on Trustee's claims for fraudulent transfers where Debtors' transfers were not done to hide assets from their creditors and/or in contemplation of their bankruptcy filing.[6] *See generally* Appellants' Opening Br.; Bankruptcy Proceeding 07-00882, Doc. No. 82 (Designation of Record, Statement of Issues, Notice of Transcripts). Appellants also filed two "Motions for Summary Judgment, or for Change of Venue." *See*

---

[6] Appellants also request that the court sanction Trustee and his attorneys for harassment and their "false theories of fraud." Appellants did not bring any motion before the bankruptcy court seeking sanctions such that this request is not properly before this court on appeal.

Doc. Nos. 12, 16.  The court addresses each of these issues.

## A. Appellants' Motions for Summary Judgment, or for Change of Venue

On both November 22 and December 2, 2010, Appellants filed a "Motion for Summary Judgment, or for Change of Venue."  These Motions request that the court (1) transfer this appeal to Washington because Thomas, Alfred, and Evelyn are too ill to appear in person in Hawaii;[7] and (2) grant summary judgment in favor of Appellants.  As the court has already explained, *see* Doc. No. 13, a motion for summary judgment and/or for change of venue, filed with this court, is procedurally improper -- a party must first raise these issues with the bankruptcy court and then appeal the bankruptcy court's determination.  The court therefore rejects these motions as not properly before this court.

///

///

---

[7] During the January 18, 2011 hearing, Thomas Nauman confirmed that the Motion for Change of Venue filed in this court sought a change of venue for his appeal to a federal district court in Washington state given the failing health of Thomas, Alfred, and Evelyn.

To the extent these Motions could nonetheless be construed as appealing the bankruptcy court's determinations on Thomas, Kimley, and Jacob's "Motion for Full Summary Judgment," and a "Motion for Change of Venue," the bankruptcy court properly found these motions procedurally improper and therefore considered them for the limited purpose as memoranda in opposition to Trustee's Motion for Partial Summary Judgment.  The court finds no error with this determination -- default had been entered against Thomas, Kimley, and Jacob such that they needed to first seek to set aside default before bringing their own substantive motions.  Further, Debtors' Motion for Full Summary Judgment on its face was deficient as lacking any evidentiary support.

9

**B.     Issues Raised as to Jacob**

The bankruptcy court found Jacob liable on Counts 7 and 9 for $2,925.00. This determination is as to Jacob individually, and not jointly and severally with any of the Appellants. Jacob is not an Appellant in this appeal. Accordingly, Appellants lack standing to raise any issues regarding the bankruptcy court's determination as to Jacob. The court therefore will not address Appellants' arguments as they relate to Jacob.

**C.     The Bankruptcy Court's Grant of Summary Judgment in Favor of Trustee**

The bankruptcy court found, among other things, that Debtors had fraudulently transferred to Alfred and Evelyn the Washington Property, a $50,000 check, and the Honda Accord. Appellants appeal these determinations, raising a number of arguments, which were either not made before the bankruptcy court and/or not supported with any evidence establishing a genuine issue of material fact as to any of Trustee's claims.[8]

Given Appellants' pro se status and asserted ignorance of the law, the

---

[8] Although the bankruptcy court stated its reasons for granting summary judgment on the record during the June 25, 2010 hearing on Trustee's Motion for Partial Summary Judgment, Appellants did not order the full transcript. As described below, the court affirms the bankruptcy court's summary judgment determination based upon a review of the record before the bankruptcy court. *See F.T.C. v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1137 n.7 (9th Cir. 2010) ("We may affirm the grant of summary judgment on any basis supported by the record and need not reach each ground relied upon by the district court." (citing *Newton v. Diamond*, 388 F.3d 1189, 1192 (9th Cir. 2004)).

court outlines the following concepts that apply to this appeal. This court is sitting as an appeals court reviewing the bankruptcy court's determination. "The decision of the bankruptcy judge is reviewable by an Article III judge only by an appeal governed by the same rules applicable to appeals taken to the courts of appeals from the district courts." *In re Mankin*, 823 F.2d 1296, 1305 (9th Cir. 1987) (citing 28 U.S.C. §§ 157(b)(1), 158(a), (c)). As such, in reviewing the bankruptcy court's grant of summary judgment, this court is "limited to the . . . evidence available to the court at the time the motion was made." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (quoting *Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1121 (9th Cir. 1994)). That is, "[d]ocuments or facts not presented to the [bankruptcy] court are not part of the record on appeal." *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990). This court need not address new arguments made without support from any facts established below. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 650 n.5 (9th Cir. 2002); *In re Cady*, 266 B.R. 172, 183 n.12 (9th Cir. BAP 2001) ("Normally the Panel will not review an issue raised for the first time on appeal. However, we may exercise our discretion to hear a new issue when it is 'purely one of law' and will not prejudice the opposing party.").

Further, although the court reviews the bankruptcy court's grant of summary judgment de novo, the general summary judgment framework still

applies -- the court reviews the evidence presented to the bankruptcy court to determine whether Trustee carried his initial burden of bringing forth evidence demonstrating the absence of a genuine issue of material fact, and if so, then whether Appellants came "forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment); *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323).

The court therefore begins its review of the record and evidence presented to the bankruptcy court to determine whether Trustee established the lack of a genuine issue of material fact warranting summary judgment. With this framework, the court turns to each transfer.

As to the Debtors' transfer of the Washington Property, 11 U.S.C. § 548(a)(1)(A) provides that the Trustee may avoid any transfer made within two years before the date the Debtors filed for bankruptcy, so long as the Debtors transferred the property "with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made

or such obligation was incurred, indebted." Trustee presented evidence establishing a prima facie violation of § 548(a)(1)(A) -- Debtors transferred the Washington Property to Evelyn and Alfred on October 25, 2006 for no consideration and with the express intent to prevent their creditors, the Mounts, from getting to this asset.

With Trustee having proven the elements of this claim on summary judgment, Appellants needed to "come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87 (1986) (citation and internal quotation signals omitted). Appellants did not carry their burden before the bankruptcy court, and indeed, presented no evidence whatsoever to rebut that Debtors transferred the Washington Property to Evelyn and Alfred to keep it away from the Mounts. The court reviewed all of the documents submitted to the bankruptcy court regarding Trustee's Motion for Summary Judgment, and the *only* evidence Appellants presented to the bankruptcy court were photographs of the earthquake damage to Debtors' Hawaii property. *See* Adverse Proceeding 09-90052, Doc. No. 32. Although Appellants argue that Debtors sold the Washington Property to fix earthquake damage to their Hawaii property, these photographs are insufficient to create a genuine issue of material fact regarding the Washington Property transfer -- these photographs do not rebut

the (1) quitclaim deed transfer of the Washington Property to Alfred and Evelyn for no consideration, (2) Alfred and Evelyn's subsequent sale of the Washington Property, (3) Thomas' admission that he transferred the Washington Property to keep it away from the Mounts, and (4) Alfred's claim that he loaned the proceeds from the Washington Property sale ($197,415.97) to Thomas. Accordingly, that Debtors ultimately used Alfred's loan of the Washington Property sale proceeds to repair the earthquake damage to the Hawaii property does not change these determinations. The court therefore finds that on a de novo review, the bankruptcy court made no error in granting summary judgment in favor of Trustee on this claim.

As to Debtors' $50,000 check to Evelyn and Alfred, 11 U.S.C. § 548(a)(1)(B) provides that the Trustee may avoid any transfer made within two years before the date Debtors filed for bankruptcy, so long as Debtors "received less than reasonably equivalent value in exchange for such transfer or obligation," and were "insolvent on the date that such transfer was made . . . or became insolvent as a result of such transfer or obligation." Trustee established a prima facie violation of § 548(a)(1)(B) -- Debtors transferred $50,000 for no consideration to Evelyn and Alfred on August 24, 2006, and it appears that they were insolvent and/or became insolvent as a result of this transfer because only one

14

year later when they filed for bankruptcy, they listed assets of $1,278,727.84 and liabilities of $2,281,499.77. TA 28-169. Like the previous claim, Appellants failed to come forward with any specific evidence showing that there is a genuine issue for trial on this claim. The court therefore finds that on a de novo review, the bankruptcy court made no error in granting summary judgment in favor of Trustee on this claim.

Finally, as to Debtors' transfer of the Honda Accord to Alfred and Evelyn, 11 U.S.C. § 549(a) provides that except for two irrelevant exceptions, Trustee may avoid a post-petition transfer of bankruptcy estate property if it was transferred after the commencement of the bankruptcy case and the transfer was not authorized by the bankruptcy court or code. Trustee established a prima facie violation of § 549(a) -- Debtors transferred the Honda Accord to Evelyn and Alfred after they filed their bankruptcy petition, did not list it as exempt property, and did not have authority by either the bankruptcy court or code to make this transfer. Again, Appellants came forward with no evidence rebutting this prima facie case violation of § 549, such that the bankruptcy court made no error in granting summary judgment in favor of Trustee on this claim.

On appeal, Appellants raise a number of arguments, but fail to point to any *evidence* in the record that creates a genuine issue of material fact regarding

any of these transfers. For example, as to the transfer of the Washington Property, Appellants argue that Alfred and Evelyn were always the "real owners" and Debtors could not have transferred it with intent to keep it from the Mounts because the Mounts had not received a default judgment at the time of transfer. Even if this argument was supported by evidence (through a declaration or otherwise) before the bankruptcy court, the Washington Property was legally owned by Debtors (as shown by the deeds) and indeed, Debtors held a mortgage on the Washington Property. Further, Thomas admitted under oath that he transferred the Washington Property to prevent the Mounts from getting it.[9] As to the $50,000 check, Appellants argue without evidentiary support that this amount represents proceeds owed to Alfred and Evelyn from the sale of other real property in Washington. Again, however, Appellants failed to present any evidence establishing this assertion. Finally, as to the transfer of the Honda Accord, Appellants argue that it was an exempt asset and therefore not property of the bankruptcy estate, but the evidence presented plainly contradicts this assertion. *See* TA 30-185.

Beyond these arguments addressing the merits of the summary

---

[9] Although Appellants argue that Thomas was heavily medicated such that his statements should not be credited, Appellants presented no evidence that would call into question his multiple statements that he transferred the Washington Property to keep it away from the Mounts.

16

judgment determination, Appellants raise a number of arguments that are legally irrelevant. For example, Appellants argue that the transfer of the Washington Property and the $50,000 check were not completed in contemplation of the bankruptcy proceeding, but rather due to hardship caused by Thomas' ailing health and to fix earthquake damage to their Hawaii Property. The pertinent inquiry, however, is not whether Debtors made these transfers in contemplation of filing for bankruptcy, but rather whether Debtors made these transfers to keep property away from their creditors (in the case of the Washington Property), and/or received less than reasonably equivalent value in exchange for the transfer and became insolvent as a result (in the case of the $50,000 check).

Finally, Appellants argue that the Trustee is not entitled to $197,415.97 -- representing the amount received by Alfred and Evelyn on the sale of the Washington Property and loaned to Debtors -- because this money was used to repair Debtors' Hawaii Property, which was sold by Trustee. The evidence before the bankruptcy court, however, establishes that (1) Debtors transferred the Washington Property to Alfred and Evelyn for no consideration; (2) Alfred and Evelyn subsequently sold the Washington Property; (3) Alfred and Evelyn used the proceeds of the sale to pay off Debtors' mortgage on the Washington Property and loaned the remainder to Debtors. Given these facts -- which Appellants failed to

17

contradict with any evidence -- the court fully agrees with the bankruptcy court's explanation that what the Debtors ultimately did with the $197,415.97 does not change the fact that the original transfer of the Washington Property was fraudulent. Although Alfred loaned Debtors the $197,415.97 -- making Alfred a creditor on the bankruptcy estate -- that loan and Debtors' subsequent use of the money does not have any bearing on whether the original transfer was fraudulent. *See* TA 32-194-95.

In sum, the court AFFIRMS the bankruptcy court's determination that summary judgment in favor of Trustee and against Appellants was warranted.

## V. **CONCLUSION**

Based on the above, the court AFFIRMS the bankruptcy court's July 1, 2010 Order Granting Trustee's Motion for Partial Summary Judgment Against Defendants Thomas Garth Nauman; Kimley Merete Nauman; Jacob Nauman;

///

///

///

///

///

///

Alfred Garth Nauman; Evelyn Frances Nauman. The Clerk of Court is ordered to close this case.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, January 21, 2011.



        /s/ J. Michael Seabright
        _____
        J. Michael Seabright
        United States District Judge

*Nauman et al. v. Kotoshirodo*, Civ. No. 10-00414 JMS/KSC, Order Affirming Bankruptcy Court's July 1, 2010 Order Granting Trustee's Motion for Partial Summary Judgment Against Defendants Thomas Garth Nauman; Kimley Merete Nauman; Jacob Nauman; Alfred Garth Nauman; Evelyn Frances Nauman